SÁNCHEZ, APPELLANT, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Dominion Title.

No. 415.—Decided June 12, 1919.

RECORD OF TITLE — DOMINION TITLE — DESCRIPTION OF PROPERTY. — A dominion title judgment which describes the town property involved in the proceeding by the cardinal points of the compass, stating as to the eastern boundary that it is ''bounded by the public road from Bayamón to Comerío,'' cannot be charged with the defect of not specifying the name of the street or place where the property is situated, as required by subdivision 3 of article 63 of the Mortgage Law Regulations, particularly when the judgment was accompanied by a certified copy of the testimony of the witnesses in the proceeding to the effect that the property was situated ''on the outskirts of the town of Comerío.''

ID.—ID.—SEPARATE PROPERTY—CONJUGAL PARTNERSHIP PROPERTY.—The doctrine laid down in 20 P. R. R. 138, and 25 P. R. R. 786, wherein the consolidation of several lots or properties belonging to different owners was involved, is not in point, for it is not sought to record a consolidation of the house and lot referred to in the decision appealed from, they being parts of a property physically united as a whole although the lot should be deemed conjugal partnership property and the house the separate property of the husband. There is no prejudice to third persons nor infringement of the law in recording the house and lot as one property, for the record must show clearly that the house belonging exclusively to the husband was erected on a lot which is presumed to be conjugal partnership property because it was acquired for a valuable consideration and there is no showing as to the civil status of the husband at the time of its acquisition.

The facts are stated in the opinion.

*Mr. Ismael Soldevila* for the appellant.

The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On August 9, 1918, the District Court of San Juan, Section 1, approved the dominion title of Luis Pío Sánchez, a married man, to a house and lot and a certified copy of that order of approval having been presented for record in the registry of property, accompanied by another document, the registrar refused to record the title in the following decision:

"The foregoing document, accompanied by another, is recorded as to the lot, * * * with the defects that neither document gives the name of the street or place where the lot is situated, as required by subdivision 3 of article 63 of the Mortgage Law Regulations, nor the civil status of Luis Pío Sánchez when he acquired the lot, according to the jurisprudence of the Supreme Court in *Rivera* v. *Registrar of Guayama*, decided July 23, 1918; and record is denied as to the house, for it having been built by Luis Pío Sánchez with his separate funds, according to his own statement, it is his separate property, and the lot on which the house is situated belonging to the conjugal partnership, as it was acquired for a valuable consideration, the house and lot can not be recorded as one property because one of the spouses is a different personality from the entity of the conjugal partnership, as held by the Supreme Court in its decisions of March 6, 1914, and November 16, 1917, volumes 20 and 25, Porto Rico Reports, pp. 138 and 786."

That decision, dated March 20, 1919, has been appealed from to this court as to the curable defect of not specifying the name of the street or place where the lot is situated and as to the refusal to record the house, for the appellant, Luis Pío Sánchez, understands that the house and lot should be recorded with the defect of failure to state the civil status of Luis Pío Sánchez when he acquired the lot.

According to the certified copy of the judgment of August 9, 1918, the lot measures 26.66 meters by 18.33 meters, equivalent to 4.868 ares, and is bounded on the north by lands of Artemio Umpierre; on the south by lands of Filomena Rivera; on the east by the public road from Baya-

món to Comerío, and on the west by lands of Carlos León and Salomón Hernández.'' The other document, a certified copy of the testimony of the witnesses in the dominion title proceeding, shows that the house and lot are situated on the outskirts of the town of Comerío.

The house and lot are sufficiently identified, for they are situated on the outskirts of the town of Comerío towards Bayamón and the four boundaries were given, one of them being the public road from Bayamón to Comerío. Subdivision 3 of article 63 of the Regulations for the Execution of the Mortgage Law was duly complied with.

The refusal to record the house is not well grounded. The decisions of this court cited by the registrar, wherein the consolidation of several lots or properties belonging to different owners was involved, are not applicable to the case at bar. It is not sought to record a consolidation of the house and lot referred to in the decision appealed from, they being parts of a property physically united as a whole, although the lot should be considered the property of the conjugal partnership composed of Luis Pío Sánchez and his wife, and the house is the separate property of Luis Pío Sánchez. There is no prejudice to third persons nor infringement of the law in recording the house and lot as one property, for the record must show clearly that the house belonging exclusively to Luis Pío Sánchez was erected on a lot which is presumed to be conjugal partnership property because it was acquired for a valuable consideration.

We shall confine ourselves to considering the question of law involved in the appeal, without referring to other questions which have not been raised.

For the foregoing reasons the decision appealed from must be reversed as to the curable defect of failure to state the name of the street or place where the lot is situated and as to the refusal to record the house thereon.

*Reversed in part.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.